**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10330 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00582-JD-1 |
| v. | |
| ALVIN FLORIDA, JR., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted July 11, 2018
San Francisco, California

Before: TASHIMA, GRABER, and HURWITZ, Circuit Judges.

A jury convicted Defendant Alvin Florida, Jr., of agreeing to rig bids at

home foreclosure auctions, in violation of the Sherman Act, 15 U.S.C. § 1. The

district court sentenced Defendant to 21 months' imprisonment followed by a

period of supervised release. We affirm.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  The district court did not err in refusing to instruct the jury on multiple conspiracies.  The indictment charged a single overarching agreement, and the government's evidence at trial proved the existence of <u>that</u> agreement.  No evidence suggests that Defendant was involved <u>only</u> in other conspiracies and <u>not</u> in the single overarching conspiracy—as is required to necessitate an instruction on multiple conspiracies.  <u>United States v. Job</u>, 871 F.3d 852, 867 (9th Cir. 2017).  Further, the existence of several manifestations of the conspiracy—i.e., that the conspiracy involved several auctions for different properties—and of sub-groups participating in different sales does not mean that there were multiple conspiracies.  <u>United States v. Mincoff</u>, 574 F.3d 1186, 1196 (9th Cir. 2009).

2.  The district court did not commit plain error, <u>United States v. Alcantara-Castillo</u>, 788 F.3d 1186, 1190–91 (9th Cir. 2015), with respect to the government's closing arguments.  The evidence supports the government's statements concerning homeowners and the nature of foreclosure auctions.  <u>United States v. Tucker</u>, 641 F.3d 1110, 1120–21 (9th Cir. 2011).  Further, the statements, taken in context, were permissible and not inflammatory.  <u>United States v. Polizzi</u>, 801 F.2d 1543, 1558 (9th Cir. 1986).

**AFFIRMED.**